```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
HENRY BEASLEY,

                        Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           16-CV-4629(JS)(AKT)
INDY MAC BANK, INDY MAC MBS, and
DEUTSCHE BANK NATIONAL TRUST COMPANY,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Henry Beasley, pro se
                    1530 Pine Aceres Blvd
                    Bayshore, NY 11706

For Defendants
INDY Mac Bank
and Indy Mac MBS:   No appearance

Deutsche Bank
National Trust
Company:            Brian S. McGrath, Esq.
                    Jason Andrew McCumber, Esq.
                    Richard J. Pelliccio, Esq.
                    McGlinchey Stafford
                    112 West 34th Street, Suite 1403
                    New York, NY 10120
```

SEYBERT, District Judge:

Pending before the Court is Defendant Deutsche Bank National Trust Company's ("the Trust") motion to dismiss (Trust Mot., Docket Entry 23) and Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation ("R&R") recommending that this Court grant the Trust's motion, (R&R, Docket Entry 37). For the following reasons, the Court ADOPTS Judge Tomlinson's R&R in its entirety.

BACKGROUND

On August 10, 2016, Plaintiff commenced this action against Indy Mac Bank, Indy Mac MBS, and the Trust. (Compl., Docket Entry 1.) On March 9, 2017, the Trust filed a motion to dismiss, which was referred to Judge Tomlinson on October 12, 2017. (Referral Order, Docket Entry 34.) On February 26, 2018, Judge Tomlinson issued her R&R recommending that the Court grant the Trust's motion. (R&R at 2.) Judge Tomlinson determined that Plaintiff's claims were barred by res judicata and time-barred under the applicable statute of limitations. (R&R at 18-21.) Further, Judge Tomlinson concluded that Plaintiff failed to plead his fraud and fraudulent inducement claims with particularity pursuant to Federal Rule of Civil Procedure 9(b). (R&R at 21-22.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no

party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Tomlinson's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Tomlinson's R&R (Docket Entry 37) is ADOPTED in its entirety and the Trust's motion to dismiss (Docket Entry 23) is GRANTED.  Plaintiff's claims against the Trust are DISMISSED WITH PREJUDICE, and the Clerk of the Court is directed to TERMINATE Deutsche Bank National Trust Company as a defendant in this action. Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated:    March __31__, 2018  
        Central Islip, New York